## McCurdy *versus* Smith.

In an action of covenant for arrears of ground-rent, the defendant cannot set up as a defence, that the premises were conveyed to the plaintiff in fraud of the creditors of her grantor, and that they have since been sold at sheriff's sale as the property of such grantor; for this would amount to a denial by the tenant of the title of her landlord.

ERROR to the Common Pleas of *Philadelphia.*

This was an action of covenant by Angelina Smith against Jacob W. McCurdy for arrears of ground-rent, reserved by deed from the plaintiff to the defendant, dated the 17th November 1856.

The terre tenant of the premises filed the following affidavit of defence:—

"Margaret Haviland, being duly sworn, saith, that she is the owner in fee of the lot of ground described in the copy of the ground-rent deed filed in this cause, and said lot is subject to the ground-rent therein reserved. But said ground-rent does not now, nor did it on the first day of July last, belong to the plaintiff; but did then and does now belong, and is owned by Herman Smith, who purchased the same at sheriff's sale, prior to that date, and has received the deed for the same; and now claims the same, and has brought suit against the deponent in this court, to June Term 1859, No. 559, to recover the same rent now sued for by the plaintiff in this cause. The said ground-rent was purchased by said Smith at sheriff's sale, as the property of George Seabrook, under proceedings by a judgment-creditor of said Seabrook; and this deponent is informed, and believes, and expects to prove on the trial of this cause, that said Seabrook, being indebted and insolvent, transferred the said lot to the plaintiff, without any

[McCurdy v. Smith.]

consideration, and to defraud his creditors, on the 29th February 1856 ; she being a person without means and living with him, and the said transfer being merely made to cover said property and secure it for his own benefit; and the said Seabrook procured said Angelina Smith to convey the same to said defendant, reserving said ground-rent, and to hold the same for his own benefit, under the same trust and for the same fraudulent purpose.  The said ground-rent, being thus the property of said Seabrook, one of his creditors, viz., the said Smith, obtained judgment against him, and sold it as aforesaid.  Deponent is willing to pay said rent to said Herman Smith, he being the rightful owner of the said ground-rent."

The court below gave judgment for the plaintiff, for want of a sufficient affidavit of defence ; the following opinion being delivered by ALLISON, J :—

" This is an action of covenant for arrears of ground-rent.  The defendant, by affidavit, denies his liability under his covenant, asserting that the title to the lot of ground out of which the rent was reserved, was originally in one Seabrook, and was by him conveyed to plaintiff, without consideration, and with intent to defraud his creditors ; and that Herman Smith, a judgment-creditor of Seabrook, subsequently to the creation of the ground-rent, levied upon the same as the property of Seabrook, sold it under his judgment, and became himself the purchaser at sheriff's sale.

" This defence is directly in the teeth of the principle, so often affirmed and reaffirmed, that it has become one of the axioms of the law now most firmly established—that a tenant, so long as he remains in possession, cannot impeach or deny the title of his landlord.  This principle has, however, an exception as well recognised as the rule itself—that where a lease has been unfairly obtained by misrepresentation, fraud, or trick practised upon the tenant by the landlord, he is not estopped from taking defence to the title under which he entered into possession : 1 *Rawle* 408 ; 6 *Binn.* 45 ; 4 *S. & R.* 382 ; 6 *Barr* 154.  Do the facts, disclosed by the affidavit, bring this case within the exception ?  If they do, judgment cannot be entered for the plaintiff.

" The defendant does not assert that any false or fraudulent statements were made, to induce him to take the conveyance of the lot and enter into his covenant to pay rent. . He merely sets up a state of facts which, if proved to be true, in a contest between the rival claimants to the rent, would pass to the sheriff's vendee a good title as against the present plaintiff.  The fraud upon which a tenant can rest a defence to his landlord's title, must be a fraud practised upon himself and to his prejudice, not, as is here charged, a fraud upon third parties, and which does not in any sense injure him ; for if Herman Smith succeeds in establishing his title to the rent, it does not destroy or in any degree impair the

title of the defendant to the lot of ground of which he now enjoys the possession. It would do no more than substitute one landlord for another. Nor can the tenant under such circumstances, by attorning to another, defeat the title under which he holds the land subject to the payment of the rent reserved. The sheriff's vendee must first establish his right to oust the plaintiff in possession, before the defence here set up by the tenant can prevail so as to defeat a title recognised by himself, and under cover of which he obtained the lot out of which the rent issues."

To review this judgment, the defendant removed the cause to this court, and here assigned the same for error.

*Hirst,* for the plaintiff in error.—The affidavit of defence shows a complete divestiture of title out of Angelina Smith.

*Lesley,* for the defendant in error.—What is called a divestiture of the plaintiff's title, is in fact a denial that she ever had title; and this cannot be admitted: Northampton County's Appeal, 6 *Casey* 307; Kline *v.* Johnston, 12 *Harris* 75; Thomas *v.* Wright, 9 *S. & R.* 93; Wolf *v.* Goddard, 9 *Watts* 552. It will be time enough for the tenant to attorn to another, when she is ejected by title paramount: Naglee *v.* Ingersoll, 7 *Barr* 185; Fisher *v.* Milliken, 8 *Id.* 112.

The opinion of the court was delivered by

STRONG, J.—The affidavit of defence is neither more nor less than a denial by the tenant of the title of her landlord. The sale of the lot by Seabrook to Angelina Smith, is averred to have been in fraud of his creditors, and for the purpose of enabling her to hold it for his benefit. So, the ground-rent which she reserved to herself out of the lot, when she sold to McCurdy, the defendant below, is averred to have been not hers, but reserved in trust for Seabrook. What is this but a denial of her equitable title? That cannot be done for such a purpose as is here attempted. It has been mistakenly argued, that the affidavit sets up a dissolution of the relation of landlord and tenant existing between the plaintiff and defendant, before the rent sued for began to accrue. Such is not its meaning. It strikes at the existence of the relation at any time. It avers that the landlord never had title. It does not pretend that she has parted with her interest, since the defendant covenanted to pay rent to her. Her position is precisely the same as it was when she conveyed the lot on ground-rent to McCurdy. Even if she then held the lot in trust for Seabrook, the sale of his interest did not divest her legal title, and her legal title is sufficient to enable her to maintain her action against the tenant who covenanted with her to pay rent.

The judgment is affirmed.